UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HADEL TOMA,

          Plaintiff,

                                        Case No.12-cv-15030
vs.                                  HON. GERSHWIN A. DRAIN

OFFICE OF ATTORNEY GENERAL,
*et al.*
               Defendants.

_____/

OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE [#6]

I.  FACTUAL BACKGROUND

On November 14, 2012, Plaintiff filed this complaint against the "Office of Attorney General," "United States Attorney," and the Federal Bureau of Investigation ("FBI") (collectively, "Defendants"). Plaintiff alleged that Defendants confiscated his cell phone, pictures, and the "bones of a soldier missing in action," all of which he attempted to take on a flight out of the "Washington Airport" in May of 2009. *See* Compl. Dkt. No. 1, pg. 1. Plaintiff states that he was given a property receipt for the items; however, after numerous calls he has not been able to retrieve the items. *Id.*

Plaintiff does not state the city or state where the acts or omissions listed in his complaint took place. He generally states "Washington Airport" as the locale. Furthermore, Plaintiff does not allege a proper legal basis for his claim; however, plaintiff is proceeding

*pro se* and "pleadings submitted *pro se* will be accorded a measure of leniency to assure that meritorious claims will not be dismissed for inartful draftmanship." *Wolfe v. United States*, 711 F.2d 66, 67 (6th Cir. 1983)(citing *Haines v. Kerner*, 404 U.S. 519 (1972).

It appears to the Court, from Plaintiff's short complaint, that he is attempting to bring a tort action against the Defendants pursuant to the Federal Tort Claims Act ("FTCA"), 26 U.S.C. §§ 1346(b), 2671 *et seq.*

Presently before the Court is Defendants' Motion to Dismiss. Plaintiff has not filed a response brief. Pursuant to E.D. Mich. L.R. 7.1(f)(2), Defendants' Motion to Dismiss will be resolved on the briefs.  For the reasons that follow, Defendants' Motion to Dismiss is GRANTED.

## II. LAW AND ANALYSIS

### A.  STANDARD OF REVIEW UNDER 12(b)(6) MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550

U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  (citations and quotations omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid  of 'further factual enhancement.'"  *Id.*  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.*  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'"  *Id.* at 679.

## B. MOTION TO DISMISS

Defendants first argue that Plaintiff cannot bring a suit against the United States without a waiver of sovereign immunity. *See* Mot. to Dismiss, Dkt. No. 6, pg. 6 (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)(holding that the United States, as sovereign, is immune from suit unless it consents to be sued and that the terms of any such consent establish the limit of a court's jurisdiction over the United States). Defendants further contend that the FTCA is considered a limited waiver of sovereign immunity for certain tort claims raised against the United States, its agencies, and its employees. *Id.*

(citing 28 U.S.C. § 1346 (b); 28 U.S.C. §§ 2671-2680; *Smith v. United States*, 507 U.S. 197, 203-04 (1993); *United States v. Kubrick*, 444 U.S. 111,117-18 (1979).

Defendants next argue that Plaintiff has not articulated a plausible legal theory; and, had Plaintiff presented a legal theory, the likely cause of action would be conversion under the FTCA. *See* Mot. to Dismiss, Dkt. No. 6, pg. 7. Pursuant to 28 U.S.C. § 2675(a), Defendants maintain that Plaintiff cannot bring a tort action against the United States because he never presented his claim to the appropriate federal agency, and a final, written denial of the claim was never given.

Furthermore, Defendants contend that this claim should be dismissed with prejudice, pursuant to FTCA, 28 U.S.C. § 2401(b), because Plaintiff's claim was not filed "within two years after such claim accrue[d]," and it is "forever barred*." See* Mot. to Dismiss, Dkt. No. 6, pg. 8. The Court agrees.

"The filing of an administrative claim is a jurisdictional prerequisite to maintaining a civil action under the FTCA."  28 U.S.C. § 2675(a); *Allen v. United States*, 517 F.2d 1328 (6th Cir. 1975); *Douglas v. United States*, 658 F.2d 445 (6th Cir. 1981). Title 25, § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment *unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing* and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purposes of this section.

(emphasis added).

It is unequivocal that Plaintiff was required to present his claim to the appropriate federal agency before filing a cause of action in this Court. *See* 28 U.S.C. 2675(a). However, Plaintiff has never filed an administrative claim pertaining to the incident that occurred in May of 2009.  28 U.S.C. § 2675(a); *see generally*, Mot. to Dismiss, Dkt. No. 6-1, Exhibit 1 (Jan. 28, 2013, declaration of Carmen B. Ashburn, Paralegal Specialist in the Discovery Processing Unit II of the FBI Office of the General Counsel, declaring that "I have made a diligent search of the general indices to the FBI's Central Records System . . . for any records retrievable to the name of plaintiff Hadel Toma. This search disclosed no record of any administrative claim submitted to the FBI by or on behalf of Hadel Toma. . . .").

Plaintiff contends that it was the FBI who took his belongings and gave him a property receipt. Thus, Plaintiff was obligated to file an administrative complaint with that agency. Once the FBI made a final disposition of the claim or six months had passed since the filing, Plaintiff's claim would not have been considered premature and this Court would have maintained subject matter jurisdiction. *McNeil v. United States*, 508 U.S. 106, 112 (1993).

Accordingly, because Plaintiff did not file the appropriate administration claim with the FBI prior to filing this action, Plaintiff's claim must be dismissed for lack of subject matter jurisdiction. *McNeil*, 508 U.S. 112.

Moreover, even if Plaintiff had filed an administrative claim prior to filing this action, Plaintiff was required to file the claim by May of 2011, no more than two years after the

claim accrued, or risk being "forever barred." *See* FTCA, 28 U.S.C. § 2401(b). There is no record that Plaintiff has ever filed an administrative claim seeking to retrieve the items he alleges were taken from him in May of 2009. *See* Mot. to Dismiss, Dkt. No. 6-1, Exhibit 1. As a result, because Plaintiff failed to file an administrative complaint within two years of his claim accruing, he is "forever barred" from bringing the present cause of action, and Plaintiff's complaint is dismissed with prejudice.

Accordingly, for the reasons set forth above, the Court will **GRANT** Defendants' Motion to Dismiss With Prejudice **[#6]**.

SO ORDERED.

Dated: April 25, 2013                          /s/Gershwin A Drain
                                               GERSHWIN A. DRAIN
                                               United States District Court Judge